# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-5278**

**September Term, 2025**

**1:25-cv-01894-UNA**

**Filed On:** December 31, 2025

Cheryl D. Uzamere, Individually and in Her
Official Capacity as Sole Proprietor of African
Diasporal Enterprises and Uzamere Word
Processing & More,

      Appellant

  v.

Donald J. Trump, in His Official Capacity as
President of the United States, et al.,

      Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Henderson, Wilkins, and Pan, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed July 7, 2025, be affirmed. The district court correctly concluded that appellant's complaint fails to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," which is required in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (cleaned up); see Fed. R. Civ. P. 8(a). Appellant's arguments on appeal are unavailing. First, the district court's docket currently lists each of the defendants named in appellant's complaint, and appellant has not shown that any initial docketing error would warrant reversal or vacatur. Second, the district court was not required to sua sponte grant appellant leave to amend her complaint. See Jones v. Horne, 634 F.3d 588, 603 n.7 (D.C. Cir. 2011). And she has not identified any possible amendments to her complaint that would entitle her to relief in any event.

# United States Court of Appeals

_____

## No. 25-5278                                  September Term, 2025

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk